EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
| --- | --- |
| | 2025 TSPR 62 |
| | 215 DPR ___ |
| Adelaida Arroyo Brito | |

Número del Caso: TS-9,354

Fecha: 28 de mayo de 2025

Oficina de Inspección de Notarías:

Lcdo. Manuel E. Ávila De Jesús
Director

Representante legal de la Sra. Adelaida Arroyo Brito:

Por derecho propio

Materia: Conducta Profesional – Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría por craso incumplimiento con los requerimientos del Tribunal Supremo y de la Oficina de Inspección de Notarías.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re:* | |
| Adelaida Arroyo Brito | TS-9,354 |

**PER CURIAM**

En San Juan, Puerto Rico, a 28 de mayo de 2025.

Nos corresponde ejercer nuestro poder disciplinario para suspender a la Lcda. Adelaida Arroyo Brito (licenciada Arroyo Brito o notaria) inmediata e indefinidamente del ejercicio de la abogacía y la notaría por craso incumplimiento con los requerimientos de esta Curia y de la Oficina de Inspección de Notarías (ODIN).

Veamos los elementos fácticos que dieron lugar a nuestro proceder.

**I**

La licenciada Arroyo Brito fue admitida al ejercicio de la abogacía el 2 de enero de 1990 y al notariado el 9 de febrero de 1990. En lo que aquí nos concierne, el pasado 21 de marzo de 2025, la ODIN presentó ante nos una *Moción Urgente en Solicitud de la Incautación de Obra Notarial y en Solicitud de Remedios*. Según adujo nuestra dependencia, existe un patrón de desidia e incumplimiento por parte de la licenciada Arroyo Brito con los requerimientos del ordenamiento notarial y para atender ciertos asuntos notificados por la ODIN.

En específico, como parte del proceso ordinario de inspección que encamina la ODIN, el 4 de abril de 2024, la

Lcda. Nilda Emmanuelli Muñiz, Directora Auxiliar de la ODIN, cursó una comunicación a la licenciada Arroyo Brito para notificar que el referido proceso había sido programado para el lunes, 22 de abril de 2024, a las 9:00 de la mañana, en la Oficina Administrativa de la ODIN, sita en el Centro Judicial de San Juan.[1] En el proceso, se examinaría la obra notarial formada por la notaria, la cual constaba de los tomos del Protocolo formados en los años naturales 2004 al 2017,[2] al igual que el Volumen Segundo y subsiguientes del Libro de Registro de Testimonios.[3] Llegada la fecha y durante el transcurso de los procesos de reinspección celebrados en diversas fechas, la notaria solamente hizo entrega de los tomos del Protocolo bajo su custodia y de los Volúmenes Segundo al Séptimo del Libro de Registro de Testimonios.

Luego de realizar el correspondiente examen de la obra notarial entregada, la Lcda. Laura R. Otero Vélez (licenciada Otero Vélez), Inspectora de Protocolos y Notarías, notificó a la licenciada Arroyo Brito serias

---

[1] El examen de la obra notarial fue efectuado de manera remota, por motivo del cierre de operaciones del Centro Judicial de San Juan, a partir del 18 de abril de 2024, como resultado de un incendio acontecido en la Sala de Investigaciones.

[2] Según fue confirmado por la ODIN, los tomos formados en los años naturales 1991 al 1994, 1996 al 1998, y 2000 al 2003 constan examinados y aprobados. La notaria no autorizó instrumentos públicos en los años naturales 1995, 1999, 2008 al 2011, ni ha autorizado instrumentos desde el año natural 2018 al presente.

[3] El Primer Volumen del Libro de Registro de Testimonios consta examinado y aprobado por la ODIN. El Segundo Volumen y los subsiguientes incluyen los Asientos desde el Número 1,119 hasta el Número 63,963.

deficiencias en su obra examinada, entre las cuales se destacan las siguientes:

a. Necesidad de rectificar múltiples deficiencias sustantivas en los volúmenes del Libro de Registro de Testimonios que fueron entregados a la ODIN.

b. Que la notaria no había hecho entrega de los volúmenes del Libro de Registro de Testimonios que relacionan los documentos legitimados e identificados bajo los Asientos Número 11,741 hasta el Número 63,963.

c. Una deficiencia arancelaria estimada de los volúmenes del Libro de Registro de Testimonios no entregados ascendente a $235,423.00 en sellos a favor de la Sociedad para la Asistencia Legal.

En su *Moción*, el Director de la ODIN solicitó a esta Curia que tomara conocimiento de lo expresado sobre los eventos que impiden localizar la obra protocolar autorizada por la licenciada Arroyo Brito, y que ordenáramos la incautación inmediata y preventiva de la obra y los sellos notariales bajo su custodia. Además, recomendó que concediéramos un término de diez (10) días para que la notaria mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría, y treinta (30) días para que entregara los volúmenes del Libro de Registro de Testimonios que aún no habían podido ser examinados por la ODIN, con sus aranceles adheridos.

Así las cosas, el 25 de marzo de 2025, acogimos las recomendaciones de ODIN, mediante *Resolución*. En lo pertinente al asunto que nos concierne, concedimos un término perentorio de diez (10) días para que la licenciada Arroyo Brito mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría. Además,

le apercibimos que el reiterado incumplimiento con las órdenes de este Tribunal pudiese acarrear la imposición de sanciones disciplinarias mayores, incluyendo la suspensión del ejercicio de la abogacía.

El 3 de abril de 2025, la licenciada Arroyo Brito presentó una *Moción en Cumplimiento de Orden*. En el escrito reconoció que este Tribunal tiene todos los motivos para separarla del ejercicio de la notaría tras su reiterado incumplimiento en registrar los testimonios reconocidos y legitimados en el ejercicio de su función notarial, y la cancelación de los sellos arancelarios correspondientes. Señaló que su desidia en registrar los testimonios es producto de una "situación personal" que, durante los últimos años, le ha impedido cumplir cabalmente con su encomienda. Además, la notaria solicitó disculpas por no discutir la referida situación, pero se negó a hacerlo con miras a preservar el alegado derecho a la intimidad de terceras personas relacionadas con esta.

Posteriormente, el 24 de abril de 2025, la notaria presentó una moción en la que informó haber entregado a la ODIN los volúmenes correspondientes a los testimonios legitimados e identificados bajo los Asientos Número 58,031 al 61,930 y del 62,822 al 64,034. A su vez, reiteró que los tomos correspondientes a los Asientos Número 11,741 al 12,218 y del 61,931 al 62,281 fueron debidamente incautados, conforme la *Resolución* que emitimos el 25 de marzo de 2025. La notaria también alegó tener en su poder

los sellos correspondientes a los testimonios que aún no ha registrado en su Libro de Registro de Testimonios. Así, dado a que no ha entregado los volúmenes correspondientes a los Asientos Número 12,219 al 58,030, la licenciada Arroyo Brito solicitó un término adicional de noventa (90) días para su entrega.

Con miras a fomentar el cumplimiento de la licenciada Arroyo Brito con nuestro ordenamiento notarial, solicitamos a la ODIN que se expresara en cuanto al proceso de subsanación de la obra notarial. El 12 de mayo de 2025, la ODIN confirmó que, a pesar de las diligencias llevadas a cabo por la notaria, esta todavía no ha entregado los volúmenes del Libro de Registro de Testimonios en los cuales deben transcribirse los pormenores de aproximadamente 45,813 asientos. Además, la deficiencia arancelaria relacionada con dichos asientos asciende a la cantidad de $198,082.00.

Expuesto el asunto ante nosotros, procedemos a resolver.

## II

### A

El Canon 9 del Código de Ética Profesional exige que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto".[4] De allí surge la obligación que tienen los abogados y abogadas de responder oportuna y diligentemente a los

---

[4] Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX.

requerimientos de este Tribunal.[5] Por ende, hemos resuelto reiteradamente que la desatención a nuestras órdenes acarrea la suspensión del ejercicio de la profesión.[6] Por tal razón, si luego de proveerle un término a un abogado para que muestre causa por la cual no deba ser suspendido, este incumple con nuestro mandato, procede que sea sancionado con la suspensión indefinida del ejercicio de la abogacía y la notaría.[7]

Cabe mencionar que **la obligación que surge del Canon 9 se extiende igualmente a las exigencias que pueda hacer la ODIN**.[8] Por tanto, un abogado o abogada que desatiende las órdenes de este Tribunal, al igual que los requerimientos de la ODIN, viola el Canon 9.[9] De este modo, los notarios tienen el deber de subsanar con premura toda falta señalada por la ODIN.[10]

**B**

Sabido es que, en nuestro ordenamiento jurídico, todo testimonio que es legitimado o reconocido ante un notario tiene que ser anotado en el Registro de Testimonios bajo su custodia.[11] Dicha anotación se lleva a cabo mediante notas concisas fechadas, con una numeración sucesiva y continua de la que habrá correspondencia entre el

---

[5] *In re Alers Morales*, 204 DPR 515, 519 (2020).
[6] *Íd.*
[7] *In re Amiama Laguardia*, 196 DPR 844, 847 (2016).
[8] *In re Alers Morales*, *supra*, pág. 519.
[9] *Íd.*
[10] *In re Amiama Laguardia*, *supra*, pág. 847.
[11] Artículo 59 de la Ley Notarial de Puerto Rico, Ley Núm. 75 de 2 de julio de 1987, según enmendada, 4 LPRA sec. 2094; y Regla 72 del Reglamento Notarial de Puerto Rico, 4 LPRA Ap. XXIV, R. 72.

testimonio y el asiento en el Registro.[12] Las notas numeradas, serán selladas y suscritas por el notario, quien hará constar el nombre de las personas suscribientes, así como una relación sucinta del acto autenticado.[13]

La consecuencia de no cumplir con el proceso de anotación de testimonios que establece la Ley Notarial y su Reglamento es la nulidad. En específico, el Artículo 60 de la Ley Notarial establece que "[s]erá nulo el testimonio no incluido en el índice, o el que no lleve la firma del notario autorizante, o que no se haya inscrito en el Registro de Testimonios".[14] No obstante, dicha nulidad no es radical o absoluta, sino la anulabilidad que subsistirá hasta que el notario demuestre fehacientemente haber subsanado el defecto.[15]

A su vez, cónsono con nuestro derecho arancelario, un notario tiene la ineludible obligación de adherir y cancelar en todo documento público que autorice los aranceles notariales correspondientes.[16] En el caso de los testimonios, esta Curia ha expresado que la Ley del Sello de la Sociedad para Asistencia Legal "forma parte esencial e integral de la actividad notarial al certificar un afidávit".[17] A saber, es un deber ministerial de todo notario, que al momento de la legitimación de un documento

---

[12] Artículos 58 y 59 de la Ley Notarial de Puerto Rico, *supra*, secs. 2093-2094.
[13] *Íd.*, sec. 2094.
[14] *Íd.*, sec. 2095.
[15] Regla 73 del Reglamento Notarial de Puerto Rico, *supra*.
[16] Artículo 10 de la Ley Notarial de Puerto Rico, *supra*, sec. 2021.
[17] *Mojica Sandoz v. Bayamón Federal Savs.*, 117 DPR 110, 130 (1986).

público, cancele en su Libro de Registro el sello correspondiente a favor de la Sociedad para la Asistencia Legal.[18]

Como expresamos en *In re Cardona Estelritz*, 137 DPR 453, 455 (1994), "[e]s requisito de cumplimiento estricto que un notario adhiera y cancele inmediatamente los Sellos de Rentas Internas al autorizar instrumentos públicos. La omisión de este deber se considera una falta grave, por ser de naturaleza continua y expone al notario a severas sanciones disciplinarias. Además, su incumplimiento con esta obligación constituye una violación no solamente de la Ley Notarial de Puerto Rico, sino que también puede configurar un delito de apropiación ilegal si el notario ha cobrado al cliente el importe de dichos sellos". (Citas omitidas).

### III

En esta ocasión nos corresponde únicamente atender la evidente desidia con la que la licenciada Arroyo Brito ha procedido en su obligación de relacionar los documentos legitimados e identificados en el ejercicio de su función notarial en el Libro de Registro de Testimonios. Tal y como expresó la ODIN, durante el proceso de inspección se le ha conferido a la notaria amplia oportunidad para entregar los volúmenes que aún no han sido entregados, con sus aranceles adheridos. No obstante, esta no ha tomado la debida seriedad para atender los señalamientos, y se ha

---

[18] Ley del Sello de la Sociedad para Asistencia Legal, Ley Núm. 47 de 1982, según enmendada, 4 LPRA secs. 896-899.

evidenciado un patrón de incumplimiento con los requerimientos del ordenamiento notarial y la gestión de los asuntos que le han sido encomendados.

La licenciada Arroyo Brito también ha incumplido con lo ordenado por esta Curia, mediante *Resolución* fechada el 25 de marzo de 2025. Le concedimos diez (10) días para mostrar justa causa por lo cual no debía ser suspendida del ejercicio de la notaría, pero esta se limitó, sin más detalle, a alegar la existencia de "situaciones personales" que le han impedido cumplir con sus obligaciones.

También le otorgamos treinta (30) días para hacer entrega a la ODIN de los volúmenes del Libro de Registro de Testimonios que relacionan los documentos legitimados e identificados bajo los Asientos Número 11,741 hasta el Número 63,963, con sus aranceles adheridos. Vencido el referido término, la licenciada Arroyo Brito indicó haber entregado nueve de los tomos no inspeccionados, y solicitó noventa (90) días adicionales para entregar los restantes. Es decir, la ODIN sigue en espera de que la licenciada Arroyo Brito cumpla con su función notarial y entregue los volúmenes correspondientes a los Asientos Número 12,219 hasta el Número 58,030, y salde la deficiencia arancelaria de $198,082.00.

Por su falta de diligencia para concluir con el proceso de inspección de su obra protocolar, al igual que su reiterado incumplimiento con las órdenes de este

Tribunal y los requerimientos de la ODIN, nos vemos obligados a suspender de manera inmediata e indefinida del ejercicio de la abogacía y la notaría a la licenciada Arroyo Brito.

**IV**

Por los fundamentos previamente expuestos en esta Opinión *Per Curiam*, se decreta la suspensión inmediata e indefinida de la licenciada Arroyo Brito del ejercicio de la abogacía y la notaría, por su craso incumplimiento con las órdenes de esta Curia y los requerimientos de la ODIN, al igual que con los requerimientos que establece la Ley Notarial y su reglamento. A su vez, por no acatar la orden respecto al pago de la deuda arancelaria, el asunto se refiere al Departamento de Justicia para la investigación correspondiente.

La fianza notarial de la licenciada Arroyo Brito queda automáticamente cancelada y se considerará buena y válida por tres años después de la terminación en cuanto a actos realizados por la letrada durante el periodo en que la misma estuvo vigente.

Se le ordena a la licenciada Arroyo Brito a que notifique a quienes hayan procurado sus servicios legales de su inhabilidad para atender los trabajos pendientes, que devuelva los expedientes de casos pendientes y aquellos honorarios recibidos por trabajos aún no rendidos, y que informe inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso

pendiente. Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| *In re:* | | |
| Adelaida Arroyo Brito | TS-9,354 | |

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de mayo de 2025.

Por los fundamentos expuestos en la *Opinión Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, decretamos la suspensión indefinida e inmediata de la Lcda. Adelaida Arroyo Brito del ejercicio de la abogacía y la notaría.

A su vez, por no acatar la orden respecto al pago de la deuda arancelaria, el asunto se refiere al Departamento de Justicia para la investigación correspondiente.

La fianza notarial de la señora Arroyo Brito queda automáticamente cancelada y se considerará buena y válida por tres años después de la terminación en cuanto a actos realizados por la letrada durante el periodo en que la misma estuvo vigente.

Se le ordena a la señora Arroyo Brito a que notifique a quienes hayan procurado sus servicios legales de su inhabilidad para atender los trabajos pendientes, que devuelva aquellos honorarios recibidos por trabajos aún no rendidos, y que informe inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga algún caso pendiente.

Además, tiene la obligación de acreditar y certificar a este Tribunal el cumplimiento con lo anterior, en un término de treinta (30) días contados a partir de la notificación de esta Opinión *Per Curiam* y Sentencia. No hacerlo pudiera conllevar que no se reinstale al ejercicio de la abogacía de solicitarlo en el futuro.

Notifíquese.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Kolthoff Caraballo no intervino.

Javier O. Sepúlveda Rodríguez
Secretario del Tribunal Supremo